UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DEJUAN POWELS,

    Petitioner,                                        Civil Action No. 12-cv-10775
                                                         HON. BERNARD A. FRIEDMAN
vs.                                                       MAG. JUDGE PAUL J. KOMIVES

CINDI S. CURTIN,

    Respondent.
_____/

## OPINION AND ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Paul J. Komives's Report and Recommendation ("R&R") dated September 4, 2013 [docket entry 14], in which he recommends that the Court deny the petition for a writ of habeas corpus and decline to issue a certificate of appealability. Plaintiff filed timely objections [docket entry 16]. Under Fed. R. Civ. P. 72, the Court reviews *de novo* those portions of an R&R to which timely and proper objections have been filed.

As a preliminary matter, petitioner claims that his trial attorney's pre-trial performance was so deficient that it resulted in a complete denial of assistance of counsel. The Court disagrees. Rather, the record is replete with instances where counsel provided petitioner with discovery, conferred with him at pre-trial proceedings and investigated the underlying facts. See Moss v. Hofbauer, 286 F.3d 851, 859 (6th Cir. 2002); Martin v. Mitchell, 280 F.3d 594, 613 (6th Cir. 2002); Cooks v. Ward, 165 F.3d 1283, 1296 (10th Cir. 1998).

Pursuant to Strickland v. Washington, 466 U.S. 668, 687 (1984), petitioner failed to

establish that counsel was ineffective for neglecting to contact alibi witnesses as the record demonstrates that petitioner did not provide counsel with the name and contact information of these witnesses after counsel's numerous requests. See Malpeso v. United States, 38 F. App'x 45, 47-48 (2d Cir. 2002).  Furthermore, petitioner did not carry his burden of proving that any *res gestae* witnesses would have proffered favorable testimony on his behalf, see United States ex rel. Townsend v. Young, No. 01-0800, 2001 WL 910387, at *5 (N.D. Ill. Aug. 8, 2001) (citing United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991)), or that counsel was ineffective for failing to  request a missing witness instruction on account of their nonappearance. See Mitzel v. Tate, 267 F.3d 524, 538 (6th Cir. 2001).  Nor was counsel obligated to object to witness testimony on hearsay grounds because these statements fall within the excited utterance exception to the hearsay rule and did not deprive petitioner of a fair trial. Cf. White v. Illinois, 502 U.S. 346, 356 (1992).

Petitioner's contention that counsel should have objected to several instances of prosecutorial misconduct is equally without merit.  To the extent the prosecutor's comments were improper, the trial court's curative instructions remedied any purported error and the jury is presumed to have followed those instructions. See e.g. United States v. Olano, 507 U.S. 725, 740 (1993).  Additionally, the fact that a government witness provided inconsistent testimony does not require a finding that the prosecutor presented false evidence at trial.  In any event, because the witness's testimony was "substantially corrected during. . . cross-examination," there "is no reasonable likelihood" that the alleged false testimony directly affected the outcome of the trial. United States v. Garcia, 502 F. App'x 663, 665 (9th Cir. 2012); see also United States v. Pauleus, 415 F. App'x 206, 206-207 (11th Cir. 2011).

Finally, regarding the objection to the trial court's jury instruction about self-defense, the Court finds that petitioner has not demonstrated sufficient prejudice to warrant habeas relief.

Accordingly,

IT IS ORDERED that Magistrate Judge Paul J. Komives's Report and Recommendation dated September 4, 2013, is hereby accepted and adopted.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.


Dated: October 21, 2013               s/Bernard A. Friedman_____
       Detroit, Michigan              BERNARD A. FRIEDMAN
                                      SENIOR UNITED STATES DISTRICT JUDGE