UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DEJUAN POWELS,

      Petitioner,

                                   CASE NO. 2:12-CV-10775
v.                               JUDGE BERNARD A. FRIEDMAN
                                 MAGISTRATE JUDGE PAUL J. KOMIVES

CINDI S. CURTIN,

      Respondent.
                                   /

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY (docket #27)**

I.      RECOMMENDATION: The Court should deny petitioner's request for a certificate of appealability.

II.     REPORT:

A.     *Procedural Background*

Petitioner Michael Dejuan Powels, a state prisoner, commenced this action on February 21, 2012, by filing a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2007 state court conviction for second degree murder, raising claims of prosecutorial misconduct, improper admission of evidence and denial of confrontation; improper jury instructions, denial of counsel, and ineffective assistance of counsel. On September 4, 2013, I filed a Report recommending that the Court deny the petition. I also recommended that the Court deny petitioner a certificate of appealability. On October 21, 2013, the Court entered an Order adopting my recommendation, denying the petition, and denying a certificate of appealability. The Court entered judgment in favor of respondent on the same date. Petitioner subsequently filed

motions for reconsideration and for relief from judgment, both of which were denied by the Court. On February 3, 2014, petitioner filed a notice of appeal, as well as this motion for a certificate of appealability. On April 10, 2014, the court of appeals issued an order partially dismissing petitioner's appeal. The court concluded that petitioner's appeal of the Court's October 31, 2013, judgment denying his petition and of the Court's November 18, 2013, motion for reconsideration were untimely under FED. R. CIV. P. 4(a)(4)(A)(iv). Thus, only petitioner's appeal of the Court's January 16, 2014, denial of petitioner's motion for relief from judgment remains pending in the Sixth Circuit.

On April 14, 2014, the Court referred petitioner's motion for a certificate of appealability to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). Because I "lack[] the authority to rule on his motion for a certificate of appealability," *United States v. Washington*, 46 Fed. Appx. 705, 705 (4th Cir. 2002) (citing *Jones v. Johnson*, 134 F.3d 309, 312 (5th Cir. 1998)), I respectfully submit this Report and Recommendation in lieu of a determination of the motion. For the reasons that follow, the Court should deny petitioner's motion.

B.   *Analysis*

Petitioner's motion for a certificate of appealability should be denied, for two reasons. First, the Court has already determined that petitioner is not entitled to a certificate of appealability. In my prior Report and Recommendation, I explained why petitioner was not entitled to a certificate of appealability. *See* R&R, dated 9/4/13, at 50-53. The Court entered an order on October 21, 2013, which provided that my Report was thereby "accepted and adopted" by the Court, and that "no certificate of appealability shall issue." Order, dated 10/21/13, at 3. Because the Court has already ruled on petitioner's entitlement to a certificate of appealability, petitioner's current motion is in

essence a motion for reconsideration. However, a motion for reconsideration must be filed within 14 days after entry of the judgment or order for which reconsideration is being sought. *See* E.D. Mich. LR 7.1(h)(1). Moreover, a motion for reconsideration will generally not be granted where the motion "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Petitioner's motion for a certificate of appealability merely rehashes his arguments regarding the merits of his claims. He offers nothing new to show that the Court committed a palpable error in denying him a certificate of appealability. Thus, for the reasons stated in my prior Report and Recommendation, the Court should deny petitioner's motion.

Second, petitioner is not entitled to a certificate of appealability because any appeal he files at this point will be untimely under FED. R. APP. P. 4. As explained above, the Sixth Circuit has already dismissed petitioner's notice of appeal to the extent it challenges this Court's denial of his habeas petition. Where an appeal is untimely, a petitioner is not entitled to a certificate of appealability. *See United States v. Guerrero*, 302 Fed. Appx. 769, 771 (10th Cir. 2008); *United States v. Blakely*, 145 Fed. Appx. 800, 801-02 (4th Cir. 2005).[1] On April 28, 2014, petitioner filed

---

[1] I note that petitioner has no grounds for extending the appeal period. Under Rule 4, "[t]he district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires . . . ." FED. R. APP. P. 4(a)(5)(A)(i). Under Rule 4(a), petitioner's notice of appeal was required to be filed within 30 days of the Court's October 21, 2013, judgment, or by November 21, 2013. Thus, petitioner's motion for extension of time to appeal was required to be filed no later than December 22, 2013. Even construing petitioner's motion for a certificate of appealability as an implicit motion to extend the time for appeal, that motion is untimely. Rule 4 also permits the Court to reopen the time for filing an appeal, but only if petitioner "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." FED. R. APP. P. 4(a)(6)(A). Petitioner does not contend that

a "Waiver of Procedural Time-Bar on Motion for Certificate of Appealability Due to Actual Innocence," apparently arguing that his failure to comply with Rule 4 should be excused because he can establish his actual innocence. This argument is without merit. The Supreme Court has recently held that the actual innocence exception, which allows a court to review the merits of a habeas claim notwithstanding a procedural default, likewise exists for the habeas statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). This exception is available in the statute of limitations context, however, because the statute of limitations is not jurisdictional. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *see also*, *McQuiggin*, 133 S. Ct. at 1931 (discussing *Holland*). The actual innocence exception, the Court explained, "'is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.'" *Id*. (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Contrary to the habeas statute of limitations, however, the time limits of Rule 4(a) are "mandatory and jurisdictional." *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 415 (6th Cir. 2010); *see also*, *Bowles v. Russell*, 551 U.S. 205, 209-10 (2007), and therefore "a court has no power to create equitable exceptions to them." *Long v. Atlantic City Police Dep't*, 670 F.3d 436, 445 (3d Cir. 2012) (citing *Bowles*, 551 U.S. at 214). Thus, the Court may not create an equitable actual innocence exception to the time limits of Rule 4(a).

C.     *Conclusion*

Petitioner's motion for a certificate of appealability raises issues that have already been considered and rejected by the Court, and petitioner provides no new argument showing that the Court's denial of a certificate of appealability was in error. Further, any appeal of the Court's

---

he did not receive notice of the entry of judgment.

judgment would be untimely.  For these reasons, the Court should deny petitioner's motion for a certificate of appealability.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated:  June 30, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 30, 2014, by electronic means and/or ordinary mail.

                                                  s/Holly A. Monda
                                                  Case Manager, in the absence of Michael Williams